**UNITED STATES of America,**
**Appellee,**

v.

**Ismael GUZMAN–FREGOSO, also known as Chi–Chi, Appellant.**

**No. 01–1292.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 7, 2001.

Filed Nov. 16, 2001.

Before BOWMAN, LOKEN, and
MORRIS SHEPPARD ARNOLD, Circuit
Judges.

PER CURIAM.

After Ismael Guzman–Fregoso pleaded
guilty to conspiracy to distribute metham-
phetamine, in violation of 21 U.S.C.
§§ 841(a)(1), 841(b)(1)(A)(viii), and 846, the
district court[1] sentenced him to 270
months in prison and 5 years supervised
release. On appeal, counsel moved to
withdraw under *Anders v. California,* 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), and filed a brief arguing that the
United States breached a promise to file a
motion for downward departure for sub-
stantial assistance. Guzman–Fregoso filed
a pro se supplemental brief arguing that
his plea was unknowing and involuntary
because he was induced to plead guilty by
the government's promise to make such a
motion, and that his counsel was ineffec-
tive. We reject these arguments and af-
firm.

The plea agreement clearly preserved
the government's discretion to determine
whether Guzman–Fregoso provided sub-
stantial assistance, *see United States v.
Romsey,* 975 F.2d 556, 558 (8th Cir.1992),
and he did not attempt to show the gov-
ernment's refusal was made in bad faith,
was irrational, or was based on an uncon-
stitutional motive, *see Wade v. United
States,* 504 U.S. 181, 185–86, 112 S.Ct.
1840, 118 L.Ed.2d 524 (1992). In addition,
Guzman–Fregoso gave assurances under
oath at his plea hearing that he understood
the government had discretion in deter-
mining whether to make a departure mo-
tion. His failure to attempt to withdraw

his guilty plea precludes him from chal-
lenging its voluntariness on appeal. *See
United States v. Murphy,* 899 F.2d 714,
716 (8th Cir.1990). Guzman–Fregoso's in-
effective-assistance claims are more appro-
priately presented in a 28 U.S.C. § 2255
proceeding. *See United States v. Martin,*
59 F.3d 767, 771 (8th Cir.1995).

Finally, following our independent re-
view in accordance with *Penson v. Ohio,*
488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300
(1988), we find no nonfrivolous issues. Ac-
cordingly, we affirm and grant counsel's
motion to withdraw.

[1]. The HONORABLE MARK W. BENNETT,
Chief Judge, United States District Court for
the Northern District of Iowa.